# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 10, 2022

Lyle W. Cayce
Clerk

No. 21-50631
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADRIAN URIAS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CR-37-1

Before KING, COSTA, and HO, *Circuit Judges*.

PER CURIAM:*

Adrian Urias pleaded guilty to possession with intent to distribute methamphetamine and was sentenced to 126 months of imprisonment. He now appeals, asserting that the district court erred in applying a two-level

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 21-50631

enhancement under U.S.S.G. § 2D1.1(b)(1) based on the possession of a dangerous weapon.

The district court's application of § 2D1.1(b)(1) is a factual finding reviewed for clear error. *United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *Id.* (internal quotation marks and citation omitted). For the enhancement to apply, the Government must first prove the defendant possessed the firearm, which it may do by showing the firearm was in the same location as drugs or drug paraphernalia. *See id.* at 53. If the Government meets its burden, the defendant can avoid the enhancement only "by showing that it was clearly improbable that the weapon was connected with the offense." *Id.* (internal quotation marks and citation omitted).

Contrary to Urias's assertion, the record does not establish that he merely touched the firearm in question or that the firearm was not found in proximity to his drug stash. Instead, the record reflects that Urias claimed responsibility for a rifle that was found on a bed in the same room as drugs, drug paraphernalia, and Urias's personal belongings. In light of the record as a whole, it is plausible that Urias possessed a firearm and that he "did not carry his burden of showing that it was clearly improbable that the firearm was connected to his offense of conviction." *Id.* at 54 (internal quotation marks omitted). Accordingly, the district court did not clearly err in applying § 2D1.1(b)(1). *See id.* at 52-54.

AFFIRMED.

2